22-2940-cv
*Fantasia v. Montefiore*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-three.

PRESENT:      JOSÉ A. CABRANES,
              SARAH A. L. MERRIAM,
                   *Circuit Judges*,
              JENNIFER L. ROCHON,
                   *Judge*.*

_____

IRMA FANTASIA,

         *Plaintiff-Appellant*,

         v.                                              No. 22-2940-cv

MONTEFIORE NEW ROCHELLE,

         *Defendant-Appellee*.

_____

_____

* Judge Jennifer L. Rochon of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:    DAVID JOHN HOMMEL (Andrew Rozynski, *on the brief*), Eisenberg & Baum, LLP, New York, NY.

FOR DEFENDANT-APPELLEE:    ROY W. BREITENBACH, Harris Beach PLLC, Uniondale, NY (Daniel R. LeCours, Harris Beach PLLC, Albany, NY, Katerina M. Kramarchyk, Harris Beach PLLC, Pittsford, NY, *on the brief*).

Appeal from the October 19, 2022, judgment of the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-appellant Irma Fantasia appeals from the October 19, 2022, judgment entered in favor of defendant-appellee Montefiore New Rochelle (Montefiore) following a bench trial. Fantasia, who is deaf, sued Montefiore under the Americans with Disabilities Act (ADA), the Rehabilitation Act, the Patient Protection and Affordable Care Act (ACA), and the New York State Human Rights Law (NYSHRL). Fantasia alleges that Montefiore discriminated against her by relying on her daughter to provide interpretation services during Fantasia's hospital admission on April 12, 2017, rather than providing her with an American Sign Language (ASL) interpreter. Following a bench trial, the District Court entered judgment for Montefiore on all claims.[1] On appeal, Fantasia pursues only one argument, that is, whether Montefiore violated the "accompanying adult" regulation under

---

[1] The District Court had previously granted Montefiore's motion for summary judgment on the ADA claim. Fantasia's remaining claims then proceeded to a bench trial.

the ACA.[2] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, and recite them here only as necessary to explain our decision to affirm.

"Because this appeal follows a bench trial, we review the district court's findings of fact for clear error and conclusions of law and mixed questions de novo." Mitchell v. Garrison Protective Servs., Inc., 819 F.3d 636, 641 (2d Cir. 2016) (per curiam) (citation and quotation marks omitted). In doing so,

> we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences. Even if the appellate court might have weighed the evidence differently, it may not overturn findings that are not clearly erroneous. The weight of the evidence is not a ground for reversal on appeal, and the fact that there may have been evidence to support an inference contrary to that drawn by the trial court does not mean that the findings are clearly erroneous. The decisions as to whose testimony to credit and which of permissible inferences to draw are solely within the province of the trier of fact, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

Ceraso v. Motiva Enters., LLC, 326 F.3d 303, 316-17 (2d Cir. 2003) (citations and quotation marks omitted).

The ACA provides that "an individual shall not . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C.

---

[2] Fantasia asserts that if "Montefiore violated the accompanying-adult regulation [under the ACA], Montefiore also violated the NYSHRL due to [the NYSHRL's] liberal construction." Appellant's Br. at 34. Fantasia makes no independent argument on appeal in support of her NYSHRL claims; because we find for Montefiore on the ACA claim, we do not consider the NYSHRL claim further.

§18116(a). The ACA's implementing regulations require healthcare providers to "take appropriate steps to ensure that communications with individuals with disabilities are as effective as communications with others," in accordance with the standards set forth in certain ADA regulations. 45 C.F.R. §92.102(a). The "accompanying adult" regulation at issue here, as implemented through the ACA, dictates that a healthcare provider[3] may not "rely on" an accompanying adult to interpret for a patient unless the patient "specifically requests that the accompanying adult interpret or facilitate communication, the accompanying adult agrees to provide such assistance, and reliance on that adult for such assistance is appropriate under the circumstances." 28 C.F.R. §35.160(c)(2)(ii). The regulation does not define the term "specifically requests."

Fantasia argues that the District Court erred in finding that she specifically requested to rely on her daughter, Michele Bianchi, to provide ASL interpretation during Fantasia's hospital stay. We disagree. The evidence at trial supports the District Court's conclusion that the accompanying adult regulation was satisfied.[4] The District Court heard testimony

---

[3] Section 35.160 itself applies to "public entities," as defined in ADA regulations, see 28 C.F.R. §35.104, but as incorporated into the ACA it applies to entities administering healthcare programs. See 45 C.F.R. §92.102(a).

[4] At the summary judgment stage of this case, the United States Department of Justice (DOJ) submitted a "Statement of Interest." See Joint App'x at 46-63. Focusing carefully on the record available at that stage of litigation, see id. at 59, DOJ asserted that there was no "evidence of a specific request by Ms. Fantasia and agreement by her daughter to interpret." Id. at 62. After DOJ submitted that narrowly-tailored statement, the record was fully developed at trial, with testimony from ten witnesses and documentary evidence. DOJ did not submit any further statements in connection with the trial or with this appeal. We do not consider DOJ's statement at the summary judgment stage of this case to be relevant on appeal from the verdict after trial.

4

from ten witnesses, including Fantasia,[5] Bianchi, triage nurse Peggy Sinkkonen, staff nurse Michael Giordano, and physical therapist Sau Lee Wong. See Spec. App'x at 5-6. The District Court found that Nurse Sinkkonen, Nurse Giordano, and Ms. Wong each testified credibly about his or her interactions with Fantasia and Bianchi. See id. at 7-9. We defer to these credibility findings on appeal. See Ceraso, 326 F.3d at 316-17.

Bianchi testified that she is a professional ASL interpreter who regularly accompanied Fantasia to medical appointments and provided ASL interpretation. See Joint App'x at 354, 374-76, 378. Indeed, Fantasia testified that she "always bring[s] [Bianchi] as [her] interpreter to be [her] voice." Id. at 823; see also id. at 816. Consistent with this testimony, the evidence at trial established that when Bianchi took Fantasia to Montefiore on April 12, 2017, neither Fantasia nor Bianchi requested an independent interpreter. To the contrary, the evidence found credible by the District Court established that Fantasia and Bianchi's statements to and interactions with Montefiore staff were appropriately construed by Montefiore as a request to rely on Bianchi as an interpreter. For example, when Nurse Sinkkonen triaged Fantasia, she asked Fantasia what was wrong, but it was Bianchi who replied "she's dizzy" and then stated: "[S]he's deaf and I will interpret for her." Id. at 204-05; see also id. at 206, 207, 225. Nurse Sinkkonen's testimony further established that (1) she was able to communicate with Fantasia because of Bianchi's interpretation assistance; (2) Fantasia never requested an independent interpreter; and (3) had Fantasia requested an interpreter, Nurse Sinkkonen would have recorded that request in Fantasia's medical

_____

[5] Fantasia offered her testimony by deposition pursuant to Rule 32(a)(4)(C) of the Federal Rules of Civil Procedure.

5

record. See id. at 225-27. Fantasia's medical record does not reflect that any request for an interpreter was made. See generally id. at 608-769.

Nurse Giordano testified that when he introduced himself to Fantasia, again, it was Bianchi who responded, informing him that Fantasia was deaf, and that Bianchi was "a certified . . . deaf interpreter and . . . usually signs for" Fantasia. Id. at 239; see also id. at 240.[6] At no time during Nurse Giordano's interactions with Fantasia and Bianchi did Fantasia object to Bianchi providing interpretation assistance, nor did either Fantasia or Bianchi request an independent interpreter. See id. at 240-21, 248. Nurse Giordano believed that he was able to effectively communicate with Fantasia, who adequately responded to his inquiries through Bianchi's interpretation. See id. at 241.

Ms. Wong, a physical therapist, testified that she evaluated Fantasia prior to Fantasia's discharge. See id. at 414. A nurse informed Ms. Wong that Fantasia's daughter was present, and that the daughter knew "sign language and may be able to assist" Ms. Wong in communicating with Fantasia. Id. at 415. Ms. Wong asked Bianchi "if it was okay for her to assist with the interpretation," and Bianchi "agreed, and there was no objection from [Fantasia] or [Bianchi]." Id. Ms. Wong testified that Bianchi simultaneously signed that conversation for Fantasia, who did not object. Id. at 415-16. Ms. Wong had no difficulty communicating with Fantasia. See id. at 420.

Based in large part on this testimony, which it credited, the District Court found that Fantasia's requests, through Bianchi, to rely on her daughter as an interpreter were

---

[6] When Bianchi told nurse Giordano that she would interpret for Fantasia, Bianchi simultaneously signed that communication for Fantasia. See Joint App'x at 243.

6

sufficiently "specific" to satisfy the accompanying adult regulation. We find no error in this conclusion. As described above, the evidence at trial revealed that Fantasia wished to have Bianchi interpret for her; that Bianchi agreed to provide interpretation assistance for Fantasia; and that Montefiore's reliance on Bianchi under the circumstances was appropriate. There was no evidence suggesting that there was tension or conflict between Fantasia and Bianchi that would have undermined the clear indications that Bianchi had authority to speak for both herself and Fantasia on this issue.[7] Bianchi is a professional interpreter who routinely interpreted for Fantasia in medical settings, and all witnesses agreed that Fantasia was able to communicate effectively with Montefiore staff through Bianchi.

We give great deference to a district court's findings of fact following a bench trial, especially where, as here, those findings largely turn on credibility assessments of the testifying witnesses. See Ceraso, 326 F.3d at 316-17. Our independent review of the record confirms that the District Court's findings of fact, including the finding that Fantasia specifically requested that Bianchi interpret for her, were not clearly erroneous. Likewise, our review of the applicable law reveals that the District Court correctly concluded that the accompanying adult regulation was satisfied. We hold that the District Court properly granted judgment in favor of Montefiore for substantially the same reasons stated in its October 18, 2022, order.

---

[7] Indeed, Bianchi testified that she had never previously requested a different interpreter for Fantasia at a medical appointment and gave no credible explanation for why this time would have been different.

We have considered the other arguments raised by Fantasia on appeal and find them to be without merit. Accordingly, for the reasons stated above, we **AFFIRM** the District Court's October 19, 2022, judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court